# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BARBARA BARKLEY, NANCY E. HALLER,**
**CRYSTAL DAWN HANNAH, PAULA PHILLIPS,**
**JAMES SCHROCK, MARY JANE SKIDMORE,**
**and MARY DIANE SMITH,**

        **Plaintiffs,**

    v.                                                   **Civil Action No. 2:07 CV 13**
                                                                      **(Maxwell)**

**KMART CORPORATION and**
**MELINDA HART,**

        **Defendants.**

## ORDER

It will be recalled that this matter was removed to federal court by Notice of Removal, filed on February 6, 2007, which Notice of Removal alleges that Defendant Melinda Hart was fraudulently and wrongfully joined as a Defendant to defeat diversity jurisdiction. By Order entered on March 6, 2007, the Court referred the above-styled matter to Magistrate Judge John. S. Kaull for pretrial development. On March 8, 2007, Plaintiffs filed their Motion To Remand, wherein Plaintiffs assert that Defendant Melinda Hart is a properly joined party and that Defendants improperly removed this civil action for the purpose of delaying the trial of this matter. Defendants filed their Response In Opposition To Plaintiffs' Motion To Remand on March 23, 2007, and Plaintiffs replied on April 2, 2007. The parties appeared before Magistrate Judge Kaull for a hearing on Plaintiffs Motion To Remand on April 10, 2007. However, neither party elected to offer any testimony or evidence. The Parties did submit a "Joint Appendix" in electronic format, which was filed under seal and reviewed by the Magistrate Judge in preparation of his Report and Recommendation.

On April 19, 2007, Magistrate Judge Kaull filed with the Court his Report and Recommendation recommending that Plaintiffs' Motion To Remand be granted. Magistrate Judge Kaull's Report and Recommendation further directed the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation. On May 3, 2007, Defendants filed their Objections to the Report and Recommendation of Magistrate Judge Kaull.

The Court has conducted a careful, *de novo* review of the entire record, including the electronic "joint appendix," before the Court in this matter. Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the parties in the Notice of Removal, Motion to Remand, and response thereto, were thoroughly considered by Magistrate Judge Kaull in his Report and Recommendation. Furthermore, upon consideration of the Defendants' objections, it appears to the Court that the Defendants have not raised any issues that were not thoroughly considered by Magistrate Judge Kaull in his Report and Recommendation.

A party seeking to prove that a nondiverse Defendant was fraudulently joined so as to defeat removal must either prove "outright fraud in plaintiff's pleading of jurisdictional facts," or that "there is no possibility that plaintiff would be able to establish a cause of action against the in-state Defendant in state court." Degenova v. PPG Industries, Inc., 2006 WL 3692645 (N.D.W.Va.) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). "In order to prove fraudulent joinder, it must be shown that 'the plaintiff cannot establish a claim against the nondiverse Defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. (citing Hartley v. CSX

Transp., Inc. 187 F.3d 422, 424). Plaintiff's claim against a nondiverse defendant must only assert "a possibility of right to relief" in order to defeat removal. Marshall v. Manville Sales Corp., 6 F.3d 229, 232-233 (4th Cir. 1993).

Upon review, the Court finds, as set forth in and quoted from page 7 of Magistrate Judge Kaull's Opinon/Report and Recommendation, that it is an "undisputed fact that it was Hart who did the evaluations and selected the employees who would not be retained as full time hourly employees at the Elkins store after the planned reduction in force was completed," and that "it was Hart who actually discharged those full time hourly employees she had selected for non-retention." Further, at page 11-12 of his Opinion/Report and Recommendation, Magistrate Judge Kaull acknowledges that "Plaintiffs' expert is prepared to offer statistical evidence to show that the process selected by Kmart and used by Hart in terminating full-time hourly employees at the Elkins, West Virginia, store disparately impacted a class of older workers who were within the class protected by the West Virginia Human Rights Act." Accordingly, based upon the aforementioned facts and law, as more fully set forth in Magistrate Judge Kaull's Opinion/Report and Recommendation, the Court finds that Defendants have not proven outright fraud in Plaintiffs' Complaint, nor have they established that there is no possibility that Plaintiffs could establish a cause of action against Defendant Hart in state court.

The Court, upon an independent *de novo* consideration of all matters now before it, finds that the Report and Recommendation accurately reflects the law applicable to the facts before the Court in this action. Accordingly, the Court, adopting Magistrate Judge Kaull's Report and Recommendation and incorporating the same as though fully

3

set forth herein, finds that Defendant Hart is not a fraudulently joined Defendant, as more fully set forth in the Report and Recommendation, and that diversity jurisdiction does not exist. Accordingly, it is

**ORDERED** that Magistrate Judge Kaull's Report and Recommendation be, and the same hereby is, accepted in whole. It is further

**ORDERED** that Plaintiffs' Motion To Remand shall be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that this civil action is hereby **REMANDED** to the Circuit Court of Randolph County, West Virginia. It is further

**ORDERED** that this civil action be, and the same hereby is, **DISMISSED** and retired from the docket of this Court. It is further

**ORDERED** that Plaintiffs' motion for fees and costs pursuant to 28 U.S.C. §1447(c) shall be, and the same hereby is, **DENIED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record.

**ENTER:** May 7th, 2007

/s/ **Robert E. Maxwell**
United States District Judge